**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.              Case No. 3:08-cv-89-J-32HTS

REAL PROPERTY AND NUMEROUS PERSONAL
PROPERTIES AS DESCRIBED IN ATTACHMENT
A TO THE COMPLAINT FOR FORFEITURE,

   Defendants.

---

**ORDER**[1]

This case is before the Court on Claimant Chaim Gross' Declaration in Support of Claimant Chaim Gross' Motion to Dismiss Complaint, and for an Order that Certain Property Be Turned Over to Claimant Chaim Gross ("the Declaration")(Doc. 11-2) and the United States of America's ("Plaintiff") Response thereto. (Doc 19.) Chaim Gross ("Claimant") filed the Declaration on February 20, 2008 in response to the Plaintiff's Verified Complaint for Forfeiture In Rem ("the Complaint") which was filed on January 24, 2008. (Doc. 1.)

Rule G ("Rule G") of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs this forfeiture action in rem. Supp. R. G(1). Claimant adequately filed a claim under the requirements of Rule G(5)(a)(i)(A)-(D).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

(Doc. 12.)  Accordingly, Claimant (per Supp. R. G(8)(b)(i)) has moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Answer ¶ 12.)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006);  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The burden to adequately plead a forfeiture complaint is low and Rule G clearly identifies the pleading requirements in these actions.  Supp. R. G(2).  The complaint must be: a) verified; b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; c) describe the property with reasonable particularity; d) if the property is tangible, state its location when any seizure occurred and–if different– its location when the action is filed; e) identify the statute under which the forfeiture action is brought; and f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.  Supp. R. G(2)(a)-(f).

Plaintiff has satisfied the Rule G(2) pleading requirements. Though Claimant has asserted an innocent owner defense, the Court cannot evaluate the merits of that defense when determining the sufficiency of the Plaintiff's Complaint- - that will have to await further proceedings.  Accordingly, it is hereby

**ORDERED:**

1.      Claimant Chaim Gross' Declaration in Support of Claimant Chaim Gross' Motion to Dismiss Complaint, and for an Order that Certain Property Be Turned Over to Claimant Chaim Gross (Doc. 11-2) is **DENIED**.

2.      No later than **September 4, 2008**, the parties will file a joint statement detailing a procedure and a timeline for resolving this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of August, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

smm.

Copies to:

Counsel of Record